By the Court, Cowen, J.
Here was no actual delivery and acceptance by the defendant below. The contract was executory, and he refused to receive. It was scarcely a case of goods bargained and sold, (a) The count should, I apprehend, *144 have been special, for refusing to accept. All the cases on this point were considered in Atkinson v. Bell, (2 Man. & Ryl. 292, 8 Barn. & Cress. 277, S. C.,) and the subject entirely exhausted: indeed the case itself is directly against the plaintiff in error. The contract for the two dozen lamps was distinct, and the delivery of these bore no relation to the one hundred in question. (Thompson v. Maceroni, 3 Barn, Cress. 1.)
The case of Downer v. Thompson, (2 Hill, 137,) or rather the dictum cited from that case, went on the assumption that there had been a delivery to and acceptance by the carrier with the assent of the vendee.(b) That is a constructive delivery to the vendee himself, and satisfies a count for goods sold and delivered, the same as a personal delivery to and acceptance by him. If he order goods to be sent by a carrier, though he do not name him, and they are sent accordingly, that is a delivery. (Dutton v. Solomonson,3 Bos. & Pull. 582.) Such direction may certainly be implied from the course of trade ; but I do not see here any direction so to send, either express or implied. The practice between Newark and New-York is not shown. There was no dispute in the cases cited that the goods were to be sent by a carrier, nor that they were so sent pursuant to order.
Judgment affirmed.

 Something remained to he done to the lamps, at the time they were ordered, before they were ready for delivery; and hence the sale was incomplete. (See Downer v. Thompson, 2 Hill, 137.)

i) And see Grosvenor & Starr v. Phelps, (2 Hill, 147.)